J. Alexander Fulton

*v.*

Edward S. Golden.

Deposition taken in another state in behalf of complainant, on notice, suppressed, because the witness, who was the defendant, refused to answer some of the complainant's questions, though they were proper; introduced impertinent matter in his own favor in his answers to others, among which matter were the contents of papers, the originals, or even copies of which, he refused to produce, declaring that he would reserve them until he should offer testimony in his own behalf; and refused, after due demand and notice, to produce the partnership books in his possession; the suit being between partners for an account of partnership transactions, and the production thereof being required for the purposes of the examination.

Bill for account.    Motion to suppress depositions, &c.

*Mr. Fulton, in pro. pers.*

*Mr. Edward T. Green, for defendant.*

The Chancellor.

The parties to this suit were formerly partners as attorneys and counselors-at-law, in the state of Pennsylvania, and this suit is brought for an account of the partnership earnings. The complainant and defendant both reside out of the state. The complainant, under the provisions of the 38th section of the " act concerning evidence " (*Rev. p.* 384), took the deposition of the defendant. After the deposition had been taken, the defendant formally refused to sign it, except on condition that he should be permitted to read it over, and make any corrections that might appear to be necessary, and that the complainant would sign a paper directing the commissioner to send the deposition to the clerk of this court, to be filed in the cause. It does not appear that the

defendant was required, or requested, to sign the deposition before reading it over and making such corrections as might be proper. It appears that, after he had read it over and made all the corrections he saw fit to make, he still refused to sign, unless the complainant would sign the stipulations before mentioned.

The complainant, in answer to the demand for the stipulation, replied, in substance, that he intended to act according to law in the matter. A motion was made in this court, by the defendant, after the examination was closed, and before the deposition was signed, for an order requiring the complainant to deliver the deposition, then said to be in his hands, to the commissioner, to the end that it might be signed by the defendant and then forwarded by the commissioner to this court. The motion was granted, with costs, and the defendant then signed the deposition, and it was forwarded to this court and filed.

The complainant now moves to suppress the deposition, on the ground that the defendant refused to produce the partnership books in the examination, although required to do so by written notice; that he refused to answer some material questions, and replied to others evasively; that he refused to produce, in the examination, a paper referred to by him in his examination, or to furnish a copy thereof for use on the examination, and that in his answers to interrogatories he made scandalous and impertinent statements. The motion is based upon the conviction that the defendant intends to use the depositions on the hearing. There is matter in these depositions, by way of answer to the complainant's questions, though not responsive thereto, which the defendant has introduced manifestly for the purpose of bringing the subject matters of his defence in that way before the court, and a considerable amount of testimony of like character, and for the like purpose, was given by him on cross-examination. There is much scandalous matter in his answers. He refused to answer some of the complainant's questions, though they were proper, and he

Fulton *v.* Golden.

has answered other proper questions of the complainant evasively. He made reference, in his answers, to a paper signed by the complainant, and also to another paper, both of which he alleged were in his possession, but refused to produce them or a copy of them, though testifying to their contents. He expressly reserved them until he should enter upon his proofs. He refused unreasonably, and after written notice, to produce the partnership books which were in his possession, and which were very material to the complainant in the examination. These facts are sufficient to induce the court, in the exercise of its discretion (*Brown* v. *Bulkley*, 1 *McCart.* 294), to suppress the depositions. It is quite probable that the defendant's opinion, expressed by him in the deposition, that the examination was merely experimental, and his supposition that it was entirely optional with the complainant to file the deposition or not, were the occasion, to a certain extent at least, of the objectionable refusals to answer, and to produce the books and papers. In justice to both parties, the deposition should be suppressed. The motion will, therefore, be granted, with costs. The record of the deposition which was not before me on the former motion (which was, as before stated, that the complainant deliver the deposition then in his hands to the commissioner, to be signed by the defendant and forwarded by the commissioner to this court), shows that the defendant's conduct, in refusing to sign the deposition, and in answering the interrogatories, was not such as to entitle him to costs of that motion. So much of the order made on that motion as gives costs will be vacated.